UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY LYNNE HESS,

       Petitioner,                            Case No. 03-80503

v.                                  Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

       Respondent.
_____/

**ORDER DENYING
PETITIONER'S NOVEMBER 21, 2005 MOTION TO COMPEL GOVERNMENT
TO FILE MOTION OR FOR EVIDENTIARY HEARING**

     This matter came before the court on petitioner Kristy Lynne Hess's November 21, 2005 Motion to Compel Government to File Motion Pursuant to Federal Rules of Criminal Procedure 35(b) or, in the Alternative, Motion for Evidentiary Hearing. The government filed a response November 30, 2005. No oral argument was heard.

     On January 14, 2004, petitioner Hess pleaded guilty to Count One of an indictment charging her with eleven counts of bank fraud. This court imposed a 24-month sentence. Between the time of her guilty plea and sentencing, the court granted three separate petitions for bond review hearings based on allegations that she had failed to comply with various conditions of bond by failing to report to Pretrial Services, unlawful use of Vicodin, and failing to attend a court-ordered drug treatment program. The court ordered continuance of bond following each of the first two hearings; however, Hess was arrested on the third petition and was detained pending sentencing.

     The Rule 11 Plea Agreement provided that if Hess fully cooperated with the government and that cooperation resulted in substantial assistance in the investigation or prosecution of another, the

government would move the court, either at sentencing or later under Rule 35, to sentence her to a term of incarceration of no more than 15 months, which is substantially lower than the applicable guideline range of 24-20 months.

On March 23, 2005, the government sent written notification to Hess's defense counsel of its decision *not* to recommend a reduced sentence under § 5K1.1 of the United States Sentencing Guidelines. The letter explained that

> because of the defendant's repeated violations of her bond conditions which most recently resulted in her arrest and the revocation of bond due to her failure to report as directed, her change of residence without notifying the Pretrial Services Agency, and her failure to attend her drug treatment program, [the government does] not intend to file a motion pursuant to §5K1.1.
>
> \*   \*   \*
>
> However, because a genuine, sustained and successful effort to positively change her behavior might resurrect her effectiveness, [the government does] not foreclose forever the possibility of a reduced sentence by way of Rule 35 . . . at a later date.

Government's Sentencing Memorandum at 3.

## LAW AND ANALYSIS

The court cannot review a prosecutor's refusal to file a substantial assistance motion absent a showing that the refusal was based on an unconstitutional motive. Wade v. United States, 504 U.S. 181 (1992). The Court explained that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive . . . ." Id. at 186.

In this case Hess has failed to make any allegation or showing that the government had an improper motive for refusing to make a substantial assistance motion. Instead, the record

2

demonstrates that the decision was based on her violations of the terms of her Rule 11 plea agreement by rendering herself an ineffective witness.

### **ORDER**

It is hereby **ORDERED** that Petitioner's November 21, 2005 motion is **DENIED.**


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  January 11, 2006